UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Cedrick E Draper,

      Plaintiff,

  vs.

United States Department of Housing and Urban
Development et al.

      Defendant(s)

)
)
)
)
)
)
)
)
)

Case No.: 1:18-cv-02330

AMENDED COMPLAINT

RECEIVED
Mail Room

OCT 29 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## PERMISSION

Plaintiff initiates permission to consolidate claim(s) Rule 42 and amend complaint by new in fact material (evidence), and defendant in addition to orginial information define to the court and elected jurors.

## AMENDED COMPLAINT

Petitioner, as a tenant by 4th Amendment constitutional right has been force illegal from former home (apartment) and define's a series of deception and unusual punishment (*ref. Unusual Punishment Clause*) that force the petitioner to seek justice to further secure the former living location which action of the Courts were connected deception to exhibit a greater series of events in conclusion of the violated actions perform against the petitioner and his access of his former apartment living location.

Amended complaint is to recover restitution, injunctive relief, special damages, punitive observe damages and the petitioner claims pain and suffering under the attested defense to legally define the plaintiff's losses under the measurement of the fouls act done in accordance to his former apartment lease agreement and the corruption of the Courts to defraud the petitioner and intentionally enact misrepresentation, "fraud", and willful misconduct by the civil judicial procedure of the State of

(Amended Complaint) - 1

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18

Virginia and federal jurisdiction, bringing forth willful misconduct subsequence times by court decision to emotional stress and oppress the petitioner by opposite judicial procedures and judgment of a fair trial standpoint of litigation among the Defendant("United States Department of Housing and Urban Development") working unit of Lynchburg Virginia

The plaintiff demand 2.5 million proceeding jury trial for the series of violations within the unlawful action of Defendants.

By, plaintiff as pro se, detailing allegations and stated claim information, the amended complaint requirements, second defendant ("Lynchburg General District Court") is requested by federal rule of movant to joinder the initial civil jury trial with 1st defendant of caption by defined filed amended and cause of action by violation of procedural act intentional violation also described under the Federal Tort Claim Act by subsequence event to the total foul of misconduct intentionally place on the plaintiff Cedrick Draper as a tenant in public housing of the defendant's working Lynchburg office located in downtown Lynchburg.

## PARTIES

- Plaintiff, Cedrick E Draper, is a student/ postal service worker, Post Office Box 144, Lynchburg Virginia 24505, 276.806.4958, 434.509.1260. No representation, pro se

- Defendant, United States Department of Housing and Urban Development, 451 7th Street S.W., Washington, DC 20410, Telephone: (202) 708-1112. Representation: Unknown, Present Complaint to Counsel Office of Defendant. Defendant's working office of incident is following and can be subject to cross-claimed: Lynchburg Redevelopment & Housing Authority 918 Commerce Street, Lynchburg, VA 24504, (434) 485-7200.

- Defendant, Lynchburg General District Court, 905 Court Street, Lynchburg Virginia 24504, (434) 455-2640, Representation is unknown.

- Defendant, Lynchburg Circuit Court, 900 Court Street, Lynchburg Virginia 24504

(Amended Complaint) - 2

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/23/18

### DISCRIMINATION REPORTED BY DATES TO DEFENDANT

1. 1/8/2018
2. 1/10/2018
3. 1/05/2018

### SPECFIC PRODUCTIVE ACTIVITY ON WORKING OFFICE OF LYNCHBURG

4. Written Complaint as of 07/19/2017 to Property Management

5. Written Complaint as of 07/17/2017 to Property Management

6. All replies and attested statements by initial letters IN DIRECTION OF consideration terms by GRIEVANCE PROCEDURE applied to housing status filed witness copies within the Lynchburg General District Court and Circuit Court.

### PLAINTIFF DEMAND JURY TRIAL

### DIVERSITY JURSIDICTION AND VENUE

Petitioner is pursuant jury trial by demand. This Court has jurisdiction pursuant to 28 U.S.C. §. 1332(a), because Plaintiff is a resident of another state ("Virginia') and headquarter office of 1st Defendant of caption is located in another state of the District of Columbia, the second defendant overlaps sufficiency among the joinder move section of the case. The Plaintiff claims arise under the violated, 24 CFR Part 966, Fourth, and Eighth Amendment of United States of the Constitution thus the False Claims Act is pursuant in intentional non approval by 31 U.S. Code § 3732 also in 27 U.S. Code § 122a supported under Rule 60(d) . This Civil Court by venue is also over this action pursuant to 28 U.S. Code § 1391. The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426, or 7428 (in the case of the United States district court for the District of Columbia) or section 7429 of the Internal Revenue Code of 1986.

(Amended Complaint) - 3

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18 .

## STATEMENT OF FACTS
### (Affidavit of truth)

1. Plaintiff resided at Langview apartments at dwelling unit 2229 Yorktown Ave. Apt 302 Lynchburg Virginia 24501

2. Plaintiff enter as a college student subject to a clause in addition to the lease agreement.

3. Plaintiff was illegally oppressed and forced to leave the premises of the public housing location of the Defendant's working office on January 10 2018 where tenant left housing to a homeless status to present date.

4. Prior, Plaintiff was interviewed by first landlord ("Kathy") of signed lease agreement at the open date of entering the property for public housing in 2016 where the govern section codes listed sheet within the lease agreement, as well as verbal attention concluded to the rider's procedure of changes enforceable by section code procedure of change or modification to the lease only applied to the existing lease agreement enforceable by the rider procedure indicated within section codes of the lease agreement.

5. ("Natalie Gaddis") New property manager in 2017 from initial landlord or property manager never concluded by sufficient verbal or written change by section codes procedure of the lease agreement nor by written changes exemplifying the rider procedure within affirm consent of the plaintiff, as a tenant in the pursuit of oral and written implied circumstances between the property management and witnessing deputy clerk conference with tenant on price increase of rent.

6. Plaintiff, as a tenant was alerted by property manager and deputy officer for the working Lynchburg Office to change the existing lease agreement according to custody information and household size.

(Amended Complaint) - 4

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US  District Court for the District of Columbia, date: 10/23/18 .

7. From the initial lease agreement social security information was taken wrong on the children of the tenant's lease agreement. This error was overlooked but hinder and questionable by the speculation of household size because in error of the working office of the Defendant actually one social security number did not properly account for the connected person in the household and the new property manager's implication reveal something more than correction of household where fault and intentional input to the lease cause household size to actually be two instead of three. In actual speculation all documents from the point of the lease creation subject to requirements by verification of household federal or statewide mislead the procedure on the count of the error to the lease agreement and the social security number of the connected child on the lease.

8. A conference was called and the Plaintiff agreed to take on the change of rental increase to flat-rate consent from the discussion conference but again the rider procedure stated within the original lease was not conducted and additional document to support the lease agreement was not brought forth, nor instituted by signature consent of plaintiff. Furthermore it did not modify to the issue of flat-rate or income base monthly charge or the initial issue subject to children information wanting to be removed by agency investigation. Plaintiff rather consented to flat-rate rent and found the error of the original lease agreement on the social security number non match to actual card presented to the office.

9. Plaintiff, as a tenant was unsure of the change alerted by property manager because the property manager was insufficient in support of reason for requesting tenant to change monthly amount by the lease agreement and in regards to no rider procedure being concluded to the discussion of change things were questionable. The plaintiff begin to find things and alerted in defense counter-issues on acronyms, phrases, and terms of Internal Revenue Codes adjusted gross

(Amended Complaint) - 5

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/23/18.

income to define the income-base-selection versus the flat rate selection due to the credential as a Professional Tax Practitioner under the Circular 230. Take it none of these changes implied by property manager took affect correctly but by its terms of the initial lease agreement and income base selection the tenant found a lesser increase to the property managers increase.

10.  Tenant was being giving unlawful detainers when grievance replies affirm tenant ability to cure an issue, management, and compliance officers still commerce to utilize harassing measurement by filing detainers, mailing grievance letter without responding properly to the consideration response of the plaintiff, and the office of Lynchburg neglected the reply of the grievance letter by tenant's response to toward the last 60 days of tenancy.

11. Defendant headquarter agency's clerk by telephonic call also denied receiving any documents in regards to issues within the working Lynchburg office and discrimination dates to the complaint procedure were actually recorded in the former tenant's yahoo email. Tenant Cedrick Draper also sent drafted document to the Washington DC address back in 2016 changeover to 2017 of January.

12. The plaintiff, as a tenant sent supportive information attested in truth of present financial standings always and within the last grievances among 60 to 90 days from the 10th of January 2018, the conclusion of illegal procedure from Case No. GV17006085-00 and all after the July 2017 alert for rental increase changes due to children removal-household size-rental increase concluded as fraud utilization to deceit and furthermore to oppress the tenant by corruption of time exterior to time as student or any supporting measurement give the tenant the ability to pay the upkeep within living within the tenant's place of living peacefully.

13. The tenant is currently homeless, from  GV17006085-00 ("12/18/2017") the plaintiff appear before unlawful detainer hearing and before court session Cedrick Draper alerted a civil Clerk

(Amended Complaint) - 6

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US  District Court for the District of Columbia, date. 10/25/18

/s/Cedrick E Draper

and place the amount due in the window of the civil clerk's window with a witnessing clerk viewing. This was to have good standings that Cedrick Draper could not be present for court and in response the clerk refused cash payment intentionally with deceit upon the civil issue of the defendant and informed the defendant Cedrick Draper to take the money to the working office of Lynchburg public housing like the clerk did not accept cash when they do on behalf of prepayment for unlawful detainers of unpaid rent.

14. The Lynchburg General District Court clerk knew that the defendant Cedrick Draper was opt for time (later in clarity of the Chief Judges remarks upon his cross reference by his physical view, under oath I Cedrick Draper verify new evidence upon that case and what was exemplified as something being shoved in the window of the surveillance clerk office window when it initially was not and that was not utilized improperly) and attentions to pay and seek consideration for his non-attendance would have prevail from a legal disposition of "bared from litigation conclusion" of the case giving the Lynchburg Housing Office the right to evict me unless superior court over rules the decision. Before that refusal for cash payment intentionally conducted by the civil clerk, the Lynchburg working office refused a check payment for rent by sworn and subscribed statement attached and it made me have to reverse the funds on the check payment, appear at court on 12/18/2017 before court to pay and then the clerk refused it as cash.

15. On that note prior case no.: GV16005178-00 ("10/31/2016") the Lynchburg General District Court with same working clerks inform Cedrick Euron Draper that cash prepayments were accepted in the instance of unlawful detainers before trial but in the 12/18/2017 it apparently change but it did not. The clerks were performing procedure on surveillance and recorded factors by misleading at the counter of the civil window of the clerk's office.

(Amended Complaint) - 7

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18.

16. Plaintiff of the case has proof by consent that Lynchburg working office never took affect to tenant's consent of flat rate selection to conclude the conference discussion between the property managers of change. Tenant was evicted and prior implied and express circumstance never formed properly by implied from property manager nor by rider procedure of the lease agreement.

17. Plaintiff of the case has proof of the refusal of the civil clerk by surveillance as of the day and recorder at the window within Lynchburg General District Court. The clerk's refusal to accept cash payment and instructing cash payment for unlawful detainer from a prior dated case same cause of action is fraudulent and misleading upon her rightful duty as a worker for the local government.

18. Plaintiff has proof of the check payment for rent refused by the Lynchburg working office of Defendant that concluded to unlawful detainer case of 12/18/2017 case no.: GV17006085-00 which was initially discriminatory action, by prior reported complaints to management it was actually a retaliatory act following an initial discrimination complaint,

19. Within the Lynchburg Virginia Office sign reads for all tenants' payment by personal check or money order only.

20. Lynchburg office was able within the illegal conclusion of the court and disposition history to bear writ of repossession where the student Cedrick Draper was force to vacant the premises.

21. The plaintiff did leave the premises in accordance to the illegal conclusion of civil procedural to grant command of writ of possession.

22. The plaintiff concluded by suing and due to the homeless status because funds and criminal background were in conjunction of civil right of restoration, it made it rather difficult for similar living acceptance within other apartment establishment.

(Amended Complaint) - 8

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18

23. The plaintiff in the case bear losses within legal relief or remedy define by measurement, stated claims, and upon the lack within ability of shelter the plaintiff incur expenses by travel/hotel within the extra cost (estimated min. 150.00 to possible max of 425.00 monthly), purchases for food within extra cost (estimated 350.00 or more monthly), clothing myself properly within extra cost (estimated 600.00 or more bimonthly), sleeping properly (Hotel expenses), cost to secure medical expenses (estimated 136.00 bimonthly), child support expenses (estimated 2500.00 annually), noted academic loan expenses ( estimated 70 to 80 thousands life of the note), ability to commence with family by assigned time of court order, bad debt and constraints of interest grew the entire time period (estimated 4500.00 monthly), and the entire time the plaintiff seek justice by consecutive causation civil matter within congruent base for the unlawful eviction from the courts and the working office of the defendant because by professional credentials as Tax Professional, a Notary for the State of Virginia, and a Doctoral Student for the local college bear action a plaintiff or defendant qualified by immunity.  To induce homelessness bear substile enactment for defamation claims within the efforts of both parties to hurt the reputation by concluding procedure aggressively enforce the former tenant to vacate having a harder path to accomplish anything intentionally.

24. By existing procedure of the plaintiff Cedrick Draper as the proof and it shows that the Defendant's Lynchburg Office, Defendant headquarter clerk worker, and Local government clerk are all guilty of conspiracy upon series of statements but the plaintiff again plays a slight part to the judicial system himself and is again questionable in the party position as qualified immune.

25. Plaintiff has also incurred pain and suffering from the series of events that conclude observation by oppression, and emotional distress within the home.

(Amended Complaint) - 9

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18 .

26. Plaintiff enter into a Tenant-Landlord govern base operation that fail to comply with their own grievance procedure properly and lease agreement breach contract by property manager enforcement to evict and make the tenant vacate the premises on behalf of another insufficient reason  in support of the property manager breach within implied/express conference that also bears proof and the plaintiff should never had to have had to sleep on the streets of Charlottesville Virginia or Lynchburg Virginia or result in going hungry for several days due to the drastic measurement adopted within oppression brought forth from the series of events.

27. General District Courts intentionally corrupted final unlawful detainer case against Defendant's operating unit of Lynchburg Virginia by refusal to accept cash payment by petitioner before the case.

28. In the month of October 2018 petitioner ask the clerk supervisor of civil division if they took cash payment (In reference to proof of deception) and in return she stated, "yea we take cash payment why wouldn't we". This same day petitioner filed four warrant in debt cases against Capital One Agency LLC, New River Valley Pizza LLC, Liberty University Inc., and a Debt Collection International LLC.

29. In 2017 General District further the corruption and gave the Defendant's Lynchburg Va unit the right to take possession of the petitioner's apartment where the petitioner home was invaded on 1/10/18.

30. From than petitioner was homeless enforced to petition another court in reference of the clerk department intentional act to refuse cash payment of the unlawful detainer amount.

31. Grievance procedure and  paper's witness copied to the Courts were hidden or lost within the final stages of illegal eviction process leading to 1/10/2018 home invasion.

32. Grievance and Rider procedure was done improperly as a tenant toward lease agreement.

(Amended Complaint) - 10

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US  District Court for the District of Columbia, date: 10/25/18

33. Petitioner was defrauded by the courts within in forma pauperis motion but Courts refuse to take cash payment on an unlawful detainer case before trial.

34. Circuit Court on appeal are also inferior of proper civil judicial procedure among the Defendant and its Lynchburg Virginia operating unit by refusing to non-suit CL18000825-00 Cedrick Euron Draper v. United States Department of Housing and Urban Development and Lynchburg General District Court .

35. In effect of the separation from apartment, petitioner was forced to live in unusual circumstances and condition, be label to defer equal employment and academic access, force to purchase resident addresses and spend excessive financial supported funding from academic educational loan, deferred sleep causing mental aggravation, insomnia, and emotionally distressed petitioner within attempts to submit other complaints to the court and law enforcement.

36. Vengeful verbal questionaries' by law enforcement and the court concluded among current resident address loss to the unlawful eviction, when the petitioner home actually was invaded by removal of personal property and was placed on the lawn of the apartment complex intentionally. As result the connection to courts abuse in discretion oppressed the petitioner within the state of homelessness and no continuous funding.

37. Petitioner suffered knee and ankle injury from excessive walking and parking to non-violate Virginia state ordinance laws and loitering laws due to the illegal eviction from 1/10/2018 to current date.

38. Petitioner suffered greater insomnia from lack of sleep that defer academic label as student access among attended University.

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date 10/25/18 .

Signature:_____

State/Commonwealth of_____

County/City of_____

Subscribed and sworn (affirmed) before me, a Notary Public on this the

_____day of_____, 20_____by

_____

_____

_____personally known to me – OR –

_____proved to me on the basis of satisfactory evidence

My Commission Expires:_____

WITNESS MY hand and official seal

Signature of Notary Public

(Amended Complaint) - 12

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18

/s/Cedrick E Draper

# ALLEGATIONS

## Defendant-Lynchburg General District Court
### Count 1

(Claims injunctive relief by misrepresentation, fraud, and willful misconduct of the court claim)

### Count II
(Claims injunctive relief by abuse in discretion upon the court claim)

### Count III
(Claims Emotional Pain/Suffering by Fraud Tort of Deceit claim)

### Count IIII
(Claims punitive damages by false claims of the court toward plaintiff Petitioner)

The statements of facts from 1 thru 38 and (39-41) of this Amended Complaint are adopted and incorporated as a reference.

39. Plaintiff asserts subsequence deceit by defrauded measurement of money and refusal of cash payment for final unlawful detainer case of Defendant's operating unit of Lynchburg Virginia.

2nd Defendant ("Lynchburg General District Court") on morning of 12/18/2017 where unlawful detainer day of court plaintiff attempted to make cash payment at the clerk counter before the unlawful detainer court hearing. Plaintiff retain false misleading information by working civil clerk refusing cash payment to cover the unlawful detainer that represented the same case situation of unlawful detainer from former date as of 10/31/2016 where differently by civil clerk instructed that cash payment are accepted to be made before court hearing in total due to the unlawful detainer.

This conclusion cause plaintiff not to apply funds due of the unlawful detainer as of 12/18/2017 before trial because plaintiff was reporting early out of new postal service probationary period and paying before the hearing trial would have reflected good standing by judgement and the defendant Cedrick Draper in the unlawful detainer of 12/18/2017 suffered the disposition of "bared" to protect the element of the eviction process by plaintiff. Furthermore the procedure by point of misleading instance from the civil clerk again protected the Defendant of this case's working Lynchburg office by something represented falsely to be true on the behalf of

(Amended Complaint) - 13

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/28/18

retaining payment for the situation of unlawful detainer summons for unpaid rent. Cedrick Draper was further place out his home by writ to vacate personal property. Losing his personal property and retaining the homeless title from date of writ of possession commanding order. The court is the responsible party for in this instance and proof is from former reference matter of 10/31/2016 where payment of cash was impose as a method of recovery from a unlawful detainer summons for unpaid rent. Plaintiff is incur loss:

    a.  Loss of personal property- rental apartment

    b.  Loss of personal property vacated from the residing location by granted writ of possession order not able to retain in plaintiff 2003 Mercury MTN.

    c.  Loss of sleep due going weekly periods without proper home to rest. More insomnia occurred on surveillance in areas of importance

    d.  Petitioner claims among subsequence misrepresentation and abuse of discretion upon the court

40. Plaintiff asserts injunctive relief (rule 60) by conclusion of illegal judicial procedure and hidden witness copies within grievance documents, as of clerk and witness clerk of civil department. ("currently, now clerk is operating criminal window instead of civil window of General District Court") From payment refusal before the case the petitioner attempted to prepay due to work related attendance which would have  fulfill final unlawful detainer case which intentionally was refused at the civil window.

Within Lynchburg General District Court that intentional act cause abuse within the final decree of unlawful detainer case to writ of possession granted issued for effective 1/10/2018. It place plaintiff on the street knowing the plaintiff was a Doctoral Student at local area University and Postal Worker.

(Amended Complaint) - 14

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18 .

41. Plaintiff asserts fraud upon the General District Court and Circuit Court by misled circumstance of the working civil clerk and clerk witness and resulting disposition as of 12/18/2017 discussing payment for unlawful detainer by cash refused before the hearing proceeding in case no:. GV17006085-00.   2nd defendant and 12/18/2017 occurring statement by civil clerk mislead statement by material misrepresentation "concluding to the protection of the plaintiff of the unlawful detainer matter by cause of action granting writ of possession on Cedrick Draper to vacate the living quarters of former home. The false statement of the clerk harm the plaintiff tremendously regarding nowhere live. October 2018 civil supervisor stated that accept cash payments.

### 3rd Defendant-Lynchburg Circuit Court

Count 1

(Claims injunctive relief by misrepresentation, fraud, and willful misconduct of the court claim)

Count II
(Claims injunctive relief by abuse in discretion upon the court claim)

Count III
(Claims injunctive relief by abuse in process upon the court claim

Count IIII
(Claims Emotional Pain/Suffering by Fraud Tort of Deceit claim)

Count V

(Claims punitive damages by false claims of the court toward plaintiff
Petitioner)

The statements of facts from 1 thru 38 and (42) of this Amended Complaint are adopted and incorporated as a reference.

42. Court refuse to summons defendant within in forma pauperis granted case so petitioner file for injunctive relief for Court's failure to summons the defendant as a result abuse in discretion resulted by denied judgment with no notice of the hearing made toward the petitioner to alert the petitioner. The petitioner was non-attendance of the hearing date intentionally by no proper service notice to petitioner and notice proper service complaint to the defendant. Circuit Court

(Amended Complaint) - 15

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail certified, signature, or priority postage prepaid, to the offices of US Distnct Court for the District of Columbia, date: 10/25/18 .

/S/Cedrick E Draper

1  also refuses to non-suit case by petitioner's file request and subsequence case is still open within

2  Lynchburg Circuit Court at petitioner request to voluntary non suit it.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Amended Complaint) - 16

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for
the District of Columbia, date 10/25/18

**1st Defendant-United States Department of Housing and Urban Development**
**Responsible Office: Lynchburg Redevelopment & Housing Authority**

Count 1
(Breach of peace and lease agreement contract claiming restitution)

Count II
(Claim Emotional Personal Injury Tort by unlawful eviction claim)

Count III
(Claims Emotional Pain/Suffering by Fraud Tort of Deceit claim)

The statements of facts from 1 thru 38 and (44-59) of this Amended Complaint are adopted and incorporated as a reference.

44. Plaintiff asserts wrongful/unlawful eviction as of January 10th 2018 by Defendant's office of

Lynchburg Housing and Redevelopment Authority in reference to writ of possession enforced on

1/10/2018 created personal injury to plaintiff, plaintiff is seeking in the amount of 100 thousand

by causation among insufficient lease agreement procedure never condoning rider procedure for

modification of lease agreement never perform to monthly rent increase from original lease

agreement. Property manager of Langview fail to change lease agreement information for

dwelling unit address even by consent signature documents of plaintiff which was mailed to the

office with tracking and witness copy was retain in the Lynchburg General District Court file

records. Change in new monthly payment for rent was not yet established fully, rather the

payment enforced was what the property manager wanted it to be upon the lease, and grievance

letter for unpaid rent was still ongoing out being received indicating consideration terms at the

end of the letters for terms which the tenant participated into an the property manager fail to

comply with the response given off the grievance letter not preventing the writ of possession

procedure as of 1/10/2018.

45. Plaintiff asserts property loss upon same personal injury incident of # 33 and due to the vacated

procedure personal item in value of Cedrick Draper were place outside the apartment.

46. Improper grievance and arbitration procedure done with tenancy

(Amended Complaint) - 17

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail certified, signature, or priority postage prepaid, to the offices of US District Court for
the District of Columbia, date: 10/25/18

47. Rider procedure not performed legally within attempted changes of the lease agreement by property manager.

48. Tenant's Information was fraudulently place on the lease agreement (1st initial material breach of lease agreement) at the original effective date of the lease agreement to differentiate from information provided to define household number size. Later 2017 of July an property manager concluded to increase rent (Deceit from initial error original lease agreement contract) to continue to overlook the initial error of the lease agreement to condense the lease agreement to one household member when the tenant's information was input incorrectly initially by Defendant's Lynchburg operating unit.

49. Plaintiff asserts fraudulent representation by the following specific to define stated claim:

- Property manager enforced change to raise lease agreement amount without enforcing confirmation by rider procedure found in the section code of the original lease agreement exhibited within attachment from original complaint. She also fail to consent mutually by implied circumstances express by conference and plaintiff did select the flat rate choice within the existing option for rent payment fees subject to annual income check implied.

- Terms implied and breach by the property manager of the Defendant working office of Lynchburg fail to change the increase of rent within the monthly amount by additional letter of confirmation nor did she include rider document to add to the original lease agreement.

- Tenant was misled from implied terms within the conference that consist of property manager in attendance of Mrs. Gaddis and Mrs. French. Instead it lead to Cedrick Draper being ordered to vacate the premises by living on the street where writ if possession was administered to illegally affect my life.

(Amended Complaint) - 18

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/23/18 .

50. Plaintiff asserts fraud on the Defendant's working office of Lynchburg Virginia by the false conclusion of statement with the implied express conference of consisting people deputy clerk-Mrs. French, property manager-Mrs. Gaddis, and former tenant- Cedrick Draper. The information was regarding selection of the two rental configured payment option of the public housing program. Plaintiff picked one but no sufficient conclusion consisted of the attempt to fulfill the effective change as of the original lease agreement by property manager. As the action concluded to plaintiff is seeking 100 thousand for individual claim.

51. Plaintiff asserts oppression among jurors review.

52. Plaintiff also assert fraud by tort of deceit. The misrepresentation of material fact by incorrect social security number place on the original lease agreement that define tenant child and household size fraudulently by working office of the Defendant Company.  Toward other federal and state agency that utilize the lease agreement for household verification the social security numbers for one of the children were incorrect by the lease agreement and reflected as an ongoing issue to start the rental increase to corrupting unlawful eviction. The property manager overlooked that error within her argument of household size to increase rent from 1 to 3 members when by error it was 2 household members and fraudulently ongoing insufficiency of duty concluded to the connected events. It make sense and error seem not as much of a error. The material fact was falsely input on a lease agreement contract, presented falsely to the own agency new property manager staff by attempting to change for more monthly rent, and other agency already have taken consideration upon the falsely error, and the plaintiff bears retroactive expense of the fraudulent household input by the 3 instead of 2 members vice versa the incorrect SSN because that number is not appointed to that child's name. **The plaintiff defines where the working office of the Defendant has foul play in that area to initiate the first factor of the**

(Amended Complaint) - 19

/s/Cedrick E Draper

Certificate of Personal Services by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date. 10/25/19

**monthly lease amount of the original agreement.** Plaintiff incur noneconomic stress and at the legal expense and possible bond expense could have been a factored set aside from the battle of what has been taken so far that lead to the unlawful eviction.

53. Plaintiff asserts and Defendant's worker is in violation by legal define action, plaintiff is seeking 25 thousand and punitive observational stipulated by judgment or jurors.

54. Plaintiff, therefore, avers that the Defendant is guilty entitling Plaintiff to the recovery by stipulate judgment of jurors and punitive observational damages from the Defendant.

55. Plaintiff has affirm statement of assertion for fraud but further speculates breach of lease agreement and seeks specific performance, recession,  and restitutions from recovery of funds taken by state tax return refund of 2017 fiscal year

56. Plaintiff was entered into implied contract with property manager and witness deputy officer within a schedule conference at the working Lynchburg office building regarding rental price increase, income-base selection, and flat-rate selection to continue living condition at dwelling unit **2229 Yorktown Ave Apt 302 Lynhcburg Virginia 24501** by the increase of income-base rent versus flat-rate selection. Plaintiff already obtain income-base selection. At the option within the implied contract the property express condition stating that sense the household size changes the price will increase on your income bas selection. For that the tenant affirmed in writing and selected the flat-rate selection as the better option but by holding the end of the deal within the implied contract terms, the property manager fail to mutually react from the selection made by Cedrick Draper nor did she enforce the rider procedure as a final confirmation of the effective rate of monthly rent. In a conclusion the income selection stayed and increase from the lease agreement's original amount and that amount did not conclude a rider to the effective change of the original lease agreement. So in the implied state of the contract and express consideration of

(Amended Complaint) - 20

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US  District Court for the District of Columbia, date

the property manager, the option bear both selections and Cedrick Draper pick another that was not place to the lease agreement effectively. A rider was not enforce by the lease agreement of effective changes and the tenant cooperate effectively. Breach occurred more than once and furthermore the tenant was being harassed by unlawful detainer court appearance summons and correspondence after the fact of the tracking submitted confirmation of flat-rate rent selection was file as witness copy within Lynhcburg General District Court and the effective change never took place to the lease agreement but tenant was still evicted on 1/10/2018.

57. For that plaintiff further assert harassment and emotional distress as personal injury intentional tort claim due to oppression by letter and unlawful detainers after the fact that the lease agreement was not modified by implied state as express by new property manager to proceed from signature consent of plaintiff and the plaintiff/tenant was still evicted. The plaintiff had nowhere else to stay so that was a tool used to stress out and oppress Cedrick Draper as a continuous verbal or written notification revolved an issue when really they did something wrong continuously and got away with it.  The eviction process was set off a clerk's deceit for cash payment and reflected wide range of deception and oppression of the plaintiff on up to the day of eviction on 1/10/2018.

58. Plaintiff seeks restitution under the **covenant of quiet enjoyment** as a reflection of the stated claims and seeks restitution for the state tax return interception enforce by the State Department of Taxation.

59. Plaintiff asserts and Defendant's working office is in violation by legal define action, plaintiff is seeking 100 thousand and punitive observational stipulated by judgment or jurors.



/s/Cedrick E Draper

(Amended Complaint) - 21

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for
the District of Columbia, date: 10/25/18 .

### 1st Defendant-United States Department of Housing and Urban Development
**Responsible Party: Receptionist or Customer Service representative from  Telephone: (202) 708-1112**

Count I

(Emotional Personal injury intentional tort by misrepresentation claim)

The statements of facts from 1 thru 38 and (60, 61) of this Amended Complaint are adopted and incorporated as a reference.

60. Plaintiff call from his cell phone (276)806.4958 and asserts misrepresentation of material fact

   from call in response to the headquarter office. The answered representative of the telephone

   number of telephone number 202.708.1112 of the main office stated that Cedrick Draper had not

   submitted anything at this office when email confirmation shows that her information is false.

   Further in the dialogue it seem that she knew but did not want to tell me the truth or direct me to

   someone else to help me. This call was to that headquarter office, it was attempted after the three

   discrimination complaints enter the online system and the representative of the agency fail to

   find the complaints enter as discrimination occurrences nor did find loose drafted documents

   directly complaining toward the responsible office of Lynhcburg Virginia. Furthermore the tone

   and effort to find my information within the answer response was insufficient to the procedural

   capabilities that she may possible had and that email confirmation confirms entry of

   discrimination claim. Confirmation of email reflects that it is a lie and placing me on hold

   several times further applies intentional factor to stress the caller out because evidence shows

   that it was entered.  The information did not seem correct for I have the actually entry to the

   online discrimination line.

61. Plaintiff, therefore, avers that the Defendant is guilty entitling Plaintiff to the recovery by demanded

   amount or stipulate judgment of jurors.

(Amended Complaint) - 22

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18.

## CONCLUSION

**Defendants-United States Department of Housing and Urban Development
Responsible Office: Lynchburg Redevelopment & Housing Authority et al.**

62. Plaintiff, therefore, avers that the Defendants and responsible working office is guilty entitling Plaintiff to the recovery by remedy of stated claim and request that the Defendants' responsive answer of (guilt or admittance) produce forward by responsive answer, Let stipulate jury judgment determine by stipulation or demanding amount apply with punitive observation from petitioner.

**WHEREFORE,** Plaintiff petitioner Cedrick Euron Draper prays for relief as follows:

1. That proper process be issued and Defendant be required to answer or otherwise respond to the Amended Complaint within the time permitted by law;

2. That Plaintiff have and receive a jurors' decision against the Defendants in the amount of $2500000.00 or stipulated value of the action perform in violation course of the law.

3. That Plaintiff be awarded punitive damages in the amount of observe on the bias of affirm statements presented within the amended complaint.

4. That Plaintiff be awarded such further general or specific relief as the Court deems proper and let the state of oppression and point of affirm reaction by plaintiff's activity within the course of incidents and events apply in broader in observation truth against Defendant's answer.

(Amended Complaint) - 23


/s/ Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date 10/25/18 .

Dated this 25th of October, 2018

Cedrick E Draper pro se

BY:

Cedrick Euron Draper
Post Office Box 144
Lynchburg Virginia 24505
cedraper@liberty.edu
276.806.4958
434.509.1260 fax

(Amended Complaint) - 24

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date 10/25/18

/s/Cedrick E Draper

**Honorable Clerk of Court**

**1:18-cv-02330**

**NOTICE**

Dear Clerk of Court,

    **Enclose is amended complaint.** Please send up to Judge and file with case number. Please serve a copy of complaint to all parties an additional defendant certified by the court.

Respectfully

Cedrick Euron Draper

Enclosure:

Dated: Lynchburg Virginia 10/25/2018

**Pro se**

(Amended Complaint) - 25

/s/Cedrick E Draper

Certificate of Personal Service by Pro Se
The undersigned hereby certify as pro se that the foregoing Amended Complaint
to the court by hand delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail certified, signature, or priority postage prepaid, to the offices of US District Court for the District of Columbia, date: 10/25/18